THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA GALVAN,

       Plaintiff,

v.                                                                                                                  CV 14-619 KG/WPL

THE BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY, NEW MEXICO, a political sub-division of
The State of New Mexico, TORI SANDOVAL, in her
Official capacity as Administrator of the
Curry County Detention Center, and individually,
And LANCE PYLE, in his Official capacity as Curry
County Board of County Commissioners Administrator
and individually,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants' Partial Motion to Dismiss on the Basis of Qualified Immunity and on Other Grounds, filed on September 16, 2014. (Doc. 17). Plaintiff Veronica Galvan filed a response on October 1, 2014, (Doc. 23), and Defendants filed a reply on October 15, 2014, (Doc. 24). Galvan's claims against Defendants include 42 U.S.C. § 1983 claims for violations of Galvan's Eighth and Fourteenth Amendment Due Process and Equal Protection rights, as well as a claim for negligence under the New Mexico Tort Claims Act. (Doc. 4). Defendants argue that the Court should partially dismiss Galvan's First Amended Complaint by dismissing the official capacity claims against Defendants Tori Sandoval and Lance Pyle, the Section 1983 Eighth Amendment claims, and the Section 1983 Equal Protection claims. Based on a review of the briefing, the pleadings, and applicable law, the Court will grant the motion to dismiss, dismissing with prejudice all claims addressed by the motion.

*A. Background*

The Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

The Defendants in this case include the Board of County Commissioners for Curry County, New Mexico; Tori Sandoval, in her official capacity as administrator of the Curry County Detention Center, and individually; and Lance Pyle, in his official capacity as Curry County Board of County Commissioners administrator, and individually.  Galvan's First Amended Complaint alleges that Sandoval was responsible for developing policies, practices, and customs relating to the administration of the Detention Center, and that she was responsible for classifying and segregating inmates based on their propensity for violence.  Galvan alleges that Pyle was in a position to develop and oversee policies, practices, and customs of the Detention Center, and that Pyle hired, screened, trained, supervised, and disciplined employees and officers at the Detention Center.

Galvan states that she was arrested prior to February 1, 2014, and incarcerated at the Curry County Detention Center's "Women's Annex" in Clovis, New Mexico.  The Women's Annex was a converted fitness center, with the female inmate population exceeding capacity; insufficient numbers of beds, correctional officers, and medical staff; roof leaks; toxic black mold; and no means to segregate violent inmates from non-violent inmates.

On or about February 1, 2014, Kimberly Lee Moore, another inmate, beat Galvan such that Galvan sustained serious injuries.  Moore repeatedly punched and kicked Galvan in the face, smashed Galvan's head on the floor, and broke Galvan's hand.  Galvan sustained permanent

injuries resulting in recurrent headaches, mental and emotional pain, distress, and anguish. She incurred continuous medical and other expenses, and a loss of her future earnings capacity.

Although Moore had a history of violent behavior, she remained in the Women's Annex among non-violent detainees, including Galvan. Prior to the beating, Galvan told Detention Center employees that the two should not be housed together because Moore is the wife of Louis Guerra, who was charged with killing Jamie Perez's brother, Daniel Perez, in April 2011. Galvan is a close friend of the Jamie Perez family. On June 27, 2012, Guerra beat Jamie Perez at the Curry County Detention Center. This beating made local and national news. Nonetheless, the Detention Center did not separate Moore and Galvan.

Galvan alleges that Sandoval and Pyle knew, or through the exercise of reasonable diligence should have known, of the dangerous conditions non-violent inmates of the Detention Center were exposed to by being housed with violent inmates, and that their acts or omissions constituted reckless disregard or deliberate indifference to a substantial risk of harm.

*B. Standard of Review*

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon*, 494 U.S. at 118; *Swanson*, 750 F.2d at 813. Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged

misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To avoid a Rule 12(b)(6) dismissal based on the defense of qualified immunity, plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Once a defendant raises qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has alleged a violation of federal law. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). If the answer is "yes," then the court must decide whether the right was clearly established when the alleged violation occurred. *Id.; see also Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003). To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir.1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Although the very conduct in question need not have been held unlawful, "in the light of pre-existing law the unlawfulness must be apparent." *Id*. If a plaintiff fails to demonstrate that a defendant's conduct violated a constitutional right, then the Court need not reach the additional question of whether the law was clearly established. *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003).

C. Discussion

    1. *Official Capacity Claims Against Sandoval and Pyle*

Defendants argue that the official capacity claims against Sandoval and Pyle should be dismissed because the official capacity claims against them are the equivalent of suing the Board of County Commissioners of Curry County, which already is a Defendant. Defendants do not challenge the individual capacity claims against Sandoval and Pyle at this time.

Galvan reiterates that she is suing Sandoval and Pyle in their individual capacities under Section 1983 for violations of Due Process and Equal Protection under the Eighth and Fourteenth Amendments. Galvan makes no argument as to why the Court should not dismiss the official capacity claims against Sandoval and Pyle.

The United States Supreme Court has stated that "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Courts dismiss the official capacity claims due to redundancy. *See Vondrak v. City of Las Cruces*, No. CIV.05-0172 JB/LFG, 2009 WL 1300945, at *1 (D.N.M. Mar. 30, 2009) (unpublished).

The Court finds that the official capacity claims against Sandoval and Pyle are redundant, given the claims against the Board of County Commissioners of Curry County. Accordingly, the Court will dismiss the official capacity claims against Sandoval and Pyle with prejudice. The individual capacity claims against these Defendants will remain.

   2. *Eighth Amendment Claims*

Defendants argue that because Galvan was a pretrial detainee at the time of the beating, only the Fourteenth Amendment, not the Eighth Amendment, may apply in this case. Galvan

5

concedes that she was a pretrial detainee and that the "Eighth Amendment to the United States Constitution applies only after an adjudication of guil[t] and does not apply directly to pretrial detainees like Ms. Galvan." (Doc. 23) at 7. Galvan also points out that "the Eight[h] Amendment's protections apply to pretrial detainees through the due process clause of the Fourteenth Amendment." (*Id.*).

"Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment." *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (citation omitted). The Eighth Amendment applies only after an adjudication of guilt. *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985). For pretrial detainees, the Court applies a Fourteenth Amendment "analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." *Lopez*, 172 F.3d at 759.

Given Galvan's status as a pretrial detainee at the time of the beating, the Court finds that the Eighth Amendment does not apply in this case. Instead, Galvan's Section 1983 claims shall be considered pursuant to the Fourteenth Amendment Due Process Clause. Galvan's Eighth Amendment claims will be dismissed with prejudice.

  3. *Equal Protection Claims*

Defendants argue that the Court should dismiss the Equal Protection claims because Galvan failed to allege purposeful discrimination by Sandoval or Pyle. Defendants further argue that, as a result, Sandoval and Pyle are entitled to qualified immunity with respect to the Equal Protection claims. Defendants add that Galvan has failed to allege that Sandoval or Pyle intentionally discriminated against her because of her sex—female.

Galvan counters that the Tenth Circuit has assumed, without deciding, in a case cited by Defendants, that deliberate indifference constitutes the required state of mind for supervisory

liability, not purposeful discrimination. (Doc. 23) at 9 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010)). Defendants argue that Galvan's citation to *Dodds* is inapplicable because the plaintiff in that case did not raise an Equal Protection claim. They argue that *Dodds* instead stands for the proposition that a Section 1983 Plaintiff must allege that a state actor acted with the requisite state of mind to establish the alleged constitutional violation. Defendants maintain that purposeful discrimination, not deliberate indifference, is the applicable state of mind for an Equal Protection claim.

Galvan also contends that Sandoval and Pyle possessed the requisite personal involvement in the policies that permitted Galvan's beating. Specifically, Galvan alleges that Sandoval and Pyle knew "of the dangerous conditions that non-violent inmates of Curry County Detention Center were being subjected to b[y] being housed with violent inmates." (*Id.*) at 10. Defendants point out that they never raised an argument that Sandoval and Pyle were not personally involved in the alleged constitutional violations.

Government officials may not be held responsible under Section 1983 for actions of their subordinates under the theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A successful Section 1983 plaintiff must show the following in a suit against a Defendant-supervisor: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. Contrary to Galvan's assertion, a deliberate indifference state of mind is not necessarily sufficient to establish a Section 1983

7

claim against a supervisor. *Id.* at 1204 ("We therefore conclude that after *Iqbal*, Plaintiff can no longer succeed on a § 1983 claim against Defendant by showing that as a supervisor he behaved 'knowingly or with "deliberate indifference" that a constitutional violation would occur' at the hands of his subordinates, unless that is the same state of mind required for the constitutional deprivation he alleges.").

There are three possible types of Equal Protection claims: 1) claims "singling out members of a vulnerable group, racial or otherwise, for unequal treatment," 2) claims challenging "laws or policies alleged to make irrational distinctions," and 3) claims that involve a situation where "the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him." *Garcia v. State of N.M. Office of the Treasurer*, 959 F. Supp. 1426, 1432 (D.N.M. 1997). The third type of Equal Protection claim is known as a "class-of-one" type claim, which does not allege membership in a suspect class and "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

An equal protection violation requires a showing of "purposeful discrimination." *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). Purposeful discrimination "requires more than intent as volition or intent as awareness of consequences." *Iqbal*, 556 U.S. at 676 (quotation omitted). "It instead involves a decisionmaker's undertaking a course of action 'because of,' not merely 'in spite of,' [the action's] adverse effects . . . ." *Id.* at 676-77 (quotation omitted). Plaintiffs must "prove that they were singled out for persecution due to some animosity, meaning that the actions of [the defendant] were a spiteful effort to get [the plaintiffs] for reasons wholly

8

unrelated to any legitimate state activity." *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005).

Galvan has failed to allege that she was discriminated against as a member of a suspect class. She does not challenge a law or policies making alleged irrational distinctions. Further, Galvan has not alleged that she was singled out and treated differently from others similarly situated and upon no rational basis. Even if Galvan had made allegations fitting one of these three Equal Protection violation categories, Galvan failed to allege purposeful discrimination. The Court finds that Galvan has failed to allege sufficient facts to show that Defendants plausibly violated her Equal Protection rights. *Robbins*, 519 F.3d at 1249. Accordingly, Sandoval and Pyle are entitled to qualified immunity as to Galvan's Equal Protection claims. Therefore, the Court will dismiss with prejudice Galvan's Equal Protection claims.

   D. *Conclusion*

Based on the foregoing, the Court grants Defendants' Partial Motion to Dismiss. (Doc. 17). The Court dismisses with prejudice Galvan's official capacity claims against Sandoval and Pyle and the Section 1983 Eighth Amendment claims. Because Sandoval and Pyle are entitled to qualified immunity with respect to the Equal Protection claims, the Court, likewise, dismisses those claims with prejudice.

The following claims remain outstanding: 1) Fourteenth Amendment Due Process claims against the Board of County Commissioners of Curry County and Sandoval and Pyle in their individual capacities; and 2) negligence claims under the New Mexico Tort Claims Act against these same Defendants.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

9